## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on May 25, 2021**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO.** |
| | ) | **Grand Jury Original** |
| **v.** | ) | |
| | ) | **VIOLATIONS:** |
| **JEFFREY M. YOUNG-BEY and** | ) | |
| **MARTINA YOLANDA JONES,** | ) | **Count 1: 18 U.S.C. § 1349** |
| | ) | **(Conspiracy to Commit Mail Fraud)** |
| **Defendants.** | ) | |
| | ) | **Counts 2-3: 18 U.S.C. § 1341** |
| | ) | **(Mail Fraud)** |
| | ) | |
| | ) | **Counts 4-6: 18 U.S.C. § 1957** |
| | ) | **(Expenditure Money Laundering)** |
| | ) | |
| | ) | **Counts 7-11: 18 U.S.C. § 1028A** |
| | ) | **(Aggravated Identity Theft)** |
| | ) | |
| | ) | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C. §** |
| | ) | **982(a)(1), 28 U.S.C. § 2461(c), and** |
| | ) | **21 U.S.C. § 853(p)** |
| | ) | **(Criminal Forfeiture)** |

## INDICTMENT

The Grand Jury for the District of Columbia charges:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.      First Democracy Mortgage and Investors Group, Inc. ("FDMIG") was a corporation organized under the laws of the District of Columbia. **JEFFREY M. YOUNG-BEY,** a resident of the District of Columbia, was the registered agent for FDMIG.

2. Upper Level Beauty Salon ("ULBS") was a Limited Liability Corporation organized in the State of Maryland. **MARTINA YOLANDA JONES**, a resident of Maryland, was the registered agent for ULBS.

### COUNT ONE
### (Conspiracy to Commit Mail Fraud — 18 U.S.C. § 1349)

3. Paragraphs 1 and 2 are re-alleged here.

4. From in or around November 2019, through on or about February 20, 2020, in the District of Columbia, and elsewhere, the defendants,

### JEFFREY M. YOUNG-BEY and
### MARTINA YOLANDA JONES,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other to knowingly, and with the intent to defraud, devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly cause to be delivered certain mail matter by U.S. mail, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

### PURPOSE OF THE CONSPIRACY

5. It was the purpose of the conspiracy for the Defendants to unjustly enrich themselves by, among other things, (1) identifying a target property located in the District of Columbia; (2) preparing a false and fraudulent property deed, including forged signatures of the true owners; (3) filing the false and fraudulent property deed and transferring the title from the true owners to a corporate entity they controlled and operated; (4) directing that the new false and fraudulent title be sent, via U.S. mail, to an address they maintained and controlled; and (5)

2

encumbering the residential real estate property through means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS OF THE CONSPIRACY

The conspiracy was carried out through the following manner and means, among others:

6.      **JEFFREY M. YOUNG-BEY** identified a target property located in the District of Columbia.

7.      On or about November 7, 2019, **JEFFREY M. YOUNG-BEY** prepared a false and fraudulent property deed including the forged signatures of the true owners, R.T. and W.M., one of whom, W.M., was deceased at the time.

8.      On or about November 7, 2019, **JEFFREY M. YOUNG-BEY** notarized the documents using a false and fraudulent notary stamp and signature of an actual notary, P.D.

9.      On or about November 15, 2019, **JEFFREY M. YOUNG-BEY** filed the false and fraudulent deed with the District of Columbia's Recorder of Deeds ("DCROD") transferring the title to the property from the true owners,  R.T. and W.M., to ULBS, a corporate entity controlled and operated by **MARTINA YOLANDA JONES**.

10.     On or about November 15, 2019, **JEFFREY M. YOUNG-BEY** paid the fees and taxes associated with recording the fraudulent deed using funds drawn from a Bank of America account ending in -5661, associated with FDMIG.

11.     On or about November 15, 2019, **JEFFREY M. YOUNG-BEY** requested that the deed be returned from DCROD, via U.S. mail, to an address in Baltimore, Maryland and associated with ULBS and **MARTINA YOLANDA JONES**.

12.     In or around November and December of 2019, **JEFFREY M. YOUNG-BEY** and **MARTINA YOLANDA JONES** made false and fraudulent misrepresentations to a commercial lender in order to obtain financing, that is, loan proceeds against the property.

13.     On or about December 27, 2019, **MARTINA YOLANDA JONES** signed documents in connection with the refinancing for the fraudulently obtained target property.

14.     On or about December 31, 2019, a wire in the amount of $323,224.94, representing the loan proceeds, was sent to ULBS's MECU Credit Union account ending in -6165, which was maintained and controlled by **MARTINA YOLANDA JONES**.

15.     On or about January 8, 2020, **MARTINA YOLANDA JONES** wired $161,112 from ULBS' MECU Credit Union Account ending in -6165 to FDMIG's Bank of America account ending in -5661, which was maintained and controlled by **JEFFREY M. YOUNG-BEY**.

16.     On or about February 20, 2020, **MARTINA YOLANDA JONES** executed an official bank check in the amount of $25,000 from ULBS' MECU Credit Union Account ending in -6165 to FDMIG, an entity associated with and controlled by **JEFFREY M. YOUNG-BEY**.

(In violation of Title 18, United States Code, Section 1349).

### COUNT TWO
### (Mail Fraud — 18 U.S.C. § 1341)

17.     Paragraphs 1 and 2 are re-alleged here.

18.     From in or around November 2019, through in or around February 2020, the defendants, **JEFFREY M. YOUNG-BEY and MARTINA YOLANDA JONES**, in the District of Columbia and elsewhere, knowingly devised and intended to devise, and participated in a scheme and artifice to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature, all in connection with a fraudulent deed on a residential real property.

4

## THE SCHEME AND ARTIFICE

19.     Paragraph 5 is re-alleged here as the purpose of the scheme and artifice.

20.     Paragraphs 6 through 16 are re-alleged here as the description of the scheme and artifice.

## USE OF THE MAIL

21.     On or about November 15, 2019, in the District of Columbia and elsewhere, the defendants,

**JEFFREY M. YOUNG-BEY and
MARTINA YOLANDA JONES,**

for the purpose of executing the aforesaid scheme and artifice to defraud, and in attempting to do so, did knowingly place or caused to be placed in an authorized depository for mail matter, to be sent from the District of Columbia and delivered by the United States Postal Service, according to the directions thereon, an envelope containing mail matter, that is, a fraudulent deed, which envelope was addressed to ULBS at an address in Baltimore, Maryland.

(In violation of Title 18, United States Code, Section 1341).

## COUNT THREE
### (Mail Fraud — 18 U.S.C. § 1341)

22.     Paragraph 1 is re-alleged here.

23.     Between at least in or around February through in or around April of 2020, the defendant, **JEFFREY M. YOUNG-BEY**, in the District of Columbia and elsewhere, knowingly devised and intended to devise, and participated in a scheme and artifice to obtain money and property, in connection with a fraudulent deed on a residential real property, by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature.

## PURPOSE OF THE SCHEME AND ARTIFICE

24.     It was the object of the scheme to defraud for the defendant, **JEFFREY M. YOUNG-BEY**, to unjustly enrich himself by, among other things, (1) identifying a target property located in the District of Columbia; (2) preparing a false and fraudulent property deed, including forged signature of the true owners; (3) filing the false and fraudulent property deed and transferring the title from the true owners to a corporate entity they controlled and operated; (4) directing that the new false and fraudulent title be sent, via U.S. mail, to an address they maintained and controlled; (5) encumbering and selling the residential real estate property through means of materially false or fraudulent pretenses, representations, and promises; and (6) purporting to sell the property to new owners thereby obtaining from them funds related to such purported sale.

## THE SCHEME AND ARTIFICE

25.     It was part of the scheme to defraud that:

26.     **JEFFREY M. YOUNG-BEY** identified a target property located in the District of Columbia.

27.     On or about February 14, 2020, **JEFFREY M. YOUNG-BEY** prepared a false and fraudulent property deed including the forged signatures of the true owners, R.J. and A.J.

28.     On or about February 14, 2020, **JEFFREY M. YOUNG-BEY** notarized the documents using a false and fraudulent notary stamp and signature of an actual notary, P.D.

29.     On or about February 18, 2020, **JEFFREY M. YOUNG-BEY** filed the false and fraudulent deeds with the DCROD transferring the title to the properties from the true owners, R.J. and A.J., to FDMIG, a corporate entity controlled and operated by **JEFFREY M. YOUNG-BEY**.

30.    On or about February 18, 2020, **JEFFREY M. YOUNG-BEY** paid the fees and taxes associated with the recording of the fraudulent deed using funds drawn from a Bank of America account ending in -5661, associated with FDMIG.

31.    On or about February 18, 2020, **JEFFREY M. YOUNG-BEY** requested that the deed be returned from DCROD, via U.S. mail, to an address in the District of Columbia and associated with FDMIG.

32.    In or around March 2020, in order to obtain financing against the property, **JEFFREY M. YOUNG-BEY** made false and fraudulent misrepresentations to a commercial lender.

33.    On or about March 18, 2020, a wire in the amount of $225,604.85, representing the loan proceeds, was sent to FDMIG's a Bank of America account ending in -5661, which was maintained and controlled by **JEFFREY M. YOUNG-BEY**.

34.    On or about March 31, 2020, **JEFFREY M. YOUNG-BEY** fraudulently sold the target property to an investor, who then assigned his purchase rights as per the Agreement to Purchase to two buyers, D.A. and J.S.

35.    On or about April 17, 2020, the settlement occurred on the target property and a wire in the amount of $42,431.45, representing the sale proceeds, was sent to FDMIG's Bank of America account ending in -5661, which was maintained and controlled by **JEFFREY M. YOUNG-BEY**.

## **USE OF THE MAIL**

36.    On or about February 18, 2020, in the District of Columbia and elsewhere, the defendant,

**JEFFREY M. YOUNG-BEY,**

for the purpose of executing the aforesaid scheme and artifice to defraud, and in attempting to do so, did knowingly place or caused to be placed in an authorized depository for mail matter, to be sent from the District of Columbia and delivered by the United States Postal Service, according to the directions thereon, an envelope containing mail matter, that is, a fraudulent deed, which envelope was addressed to FDMIG at an address in the District of Columbia.

(In violation of Title 18, United States Code, Section 1341).

### COUNT FOUR
**(Expenditure Money Laundering — 18 U.S.C. § 1957)**

37.     Paragraphs 1 and 2 are re-alleged here.

38.     On or about January 27, 2020, in the District of Columbia and elsewhere, the defendant,

**JEFFREY M. YOUNG-BEY,**

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, namely, the defendant wrote a cashier's check in the amount of $23,817.84 drawn on the defendant's Bank of America account associated with FDMIG, payable towards a 2016 BMW 328xi, which funds in fact were derived from the mail fraud proceeds.

(In violation of Title 18, United States Code, Section 1957).

### COUNT FIVE
**(Expenditure Money Laundering — 18 U.S.C. § 1957)**

39.     Paragraph 1 is re-alleged here.

40.     On or about March 19, 2020, in the District of Columbia and elsewhere, the defendant,

**JEFFREY M. YOUNG-BEY,**

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, namely, the defendant wrote a cashier's check in the amount of $106,579.27 drawn on the defendant's Bank of America account associated with FDMIG, payable towards a 2020 BMW 750xi, which funds in fact were derived from the mail fraud proceeds.

(In violation of Title 18, United States Code, Section 1957).

## COUNT SIX
### (Expenditure Money Laundering — 18 U.S.C. § 1957)

41.    Paragraphs 1 and 2 are re-alleged here.

42.    On or about January 8, 2020, in the District of Columbia and elsewhere, the defendant,

**MARTINA YOLANDA JONES,**

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, namely, the defendant wired $161,112 from ULBS' MECU Credit Union Account ending in -6165 to FDMIG's Bank of America account ending in -5661, which was maintained and controlled by **JEFFREY M. YOUNG-BEY**, which funds in fact were derived from the mail fraud proceeds.

(In violation of Title 18, United States Code, Section 1957).

## COUNTS SEVEN - ELEVEN
### (Aggravated Identity Theft — 18 U.S.C. § 1028A)

43.    Paragraphs 1 and 2 are re-alleged here.

44.    On or about the dates enumerated as to each count below, in the District of Columbia and elsewhere, the defendant,

**JEFFREY M. YOUNG-BEY,**

during and in relation to the felony violation of Title 18, United States Code, Section 1341, that is Mail Fraud, as charged in Counts Two and Three of the Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is a name and signature, knowing that the means of identification belonged to another actual person, as specified in each count below:

| Count | Approximate Date | During and In Relation to | Means of Identification |
|-------|------------------|---------------------------|-------------------------|
| 7 | November 7, 2019 | Count Two | Name and signature of "R.T." |
| 8 | November 7, 2019 | Count Two | Name and signature of "P.D." |
| 9 | February 14, 2020 | Count Three | Name and signature of "R.J." |
| 10 | February 14, 2020 | Count Three | Name and signature of "A.J." |
| 11 | February 14, 2020 | Count Three | Name and signature of "P.D." |

(In violation of Title 18, United States Code, Sections 1028A).

## CRIMINAL FORFEITURE ALLEGATION

1.      Upon conviction of any of the offenses alleged in Count One and Count Two of this Indictment, the defendants,

**JEFFREY M. YOUNG-BEY and
MARTINA YOLANDA JONES,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18 United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the mail fraud proceeds and scheme to defraud, not available for forfeiture for one or more of

10

the reasons listed in Title 21, United States Code, Section 853(p) as a result of any act or omission of the defendants.

       3.       Upon conviction of the offense alleged in Count Three of this Indictment, the defendant,

**JEFFREY M. YOUNG-BEY,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18 United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

       4.       The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the mail fraud proceeds and scheme to defraud, not available for forfeiture for one or more of the reasons listed in Title 21, United States Code, Section 853(p) as a result of any act or omission of the defendant.

       5.       Upon conviction of the offenses alleged in Counts Four and Five of this Indictment, the defendant,

**JEFFREY M. YOUNG-BEY,**

shall forfeit to the United States any property, real or personal, involved in these offenses or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

       6.       The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in the money laundering and not available for forfeiture for one or more of the reasons listed in Title 21, United States Code, Section 853(p) as a result of any act or omission of the defendant.

11

7.      Upon conviction of the offense alleged in Count Six of this Indictment, the

defendant,

### MARTINA YOLANDA JONES,

shall forfeit to the United States any property, real or personal, involved in this offense or any

property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

8.      The United States will also seek a forfeiture money judgment against the defendant

equal to the value of any property, real or personal, involved in the money laundering and not

available for forfeiture for one or more of the reasons listed in Title 21, United States Code, Section

853(p) as a result of any act or omission of the defendant.

9.      If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property that cannot be divided without

              difficulty,

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p).)

A TRUE BILL:

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

13