## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>JEFFREY M. YOUNG-BEY,<br>MARTINA YOLANDA JONES,<br><br>        Defendants. | Criminal No. 21-661 (CKK) |

## MEMORANDUM OPINION
(May 8, 2023)

Pending before the Court are Defendants Jeffrey Young-Bey and Martina Jones' [49] Motion to Dismiss for Failure to State an Offense and for Lack of Specificity as well as Defendant Jeffrey Young-Bey's [50] Motion to Dismiss for Improper Venue. In the [49] Motion, which was filed by Young-Bey and adopted by Jones, *see* ECF No. 53; Order, ECF No. 66, Defendants move the Court to dismiss the indictment for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) or, in the alternative, for lack of specificity pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). ECF No. 49 ("Defs.' Specificity Mot.") at 1. In the [50] Motion, Defendant Young-Bey argues that venue is not proper in this district for Counts Four and Five of the Indictment—Expenditure Money Laundering in Violation of 18 U.S.C. § 1957. ECF No. 50 ("Def.'s Venue Mot.") at 1.

Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court will **DENY** Defendant Young-Bey's and Jones' [49] Motion to Dismiss for Failure to State an Offense and for Lack of Specificity and Defendant Young-Bey's [50] Motion to Dismiss for Improper Venue.

1

## I. BACKGROUND

This criminal case involves two Defendants, Jeffrey Young-Bey and Martina Jones, who allegedly "conspired to, and did, jointly execute a fraudulent scheme to steal a vacant property ('Property 1') in the District of Columbia, take out a loan against it, and split the proceeds."  ECF No. 55 ("Gov.'s Omnibus Opp'n") at 2.  After this, "Defendant Young-Bey did it again, this time acting on his own" to steal another property, Property 2.  *Id.* at 3.

Defendant Jeffrey Young-Bey is charged by Indictment with the following: Count One, Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; Count Two, Mail Fraud in violation of 18 U.S.C. § 1341; Count Three, Mail Fraud in violation of 18 U.S.C. § 1341; Counts Four and Five, Expenditure Money Laundering in violation of 18 U.S.C. § 1957; and Counts Seven through Eleven, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

Defendant Martina Jones is charged by Indictment with: Count One, Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; Count Two, Mail Fraud in violation of 18 U.S.C. § 1341; and Count Six, Expenditure Money Laundering in violation of 18 U.S.C. § 1957.

Defendant Young-Bey filed the pending [49] Motion to Dismiss for Failure to State an Offense and for Lack of Specificity on January 13, 2023.  Four days later, Defendant Jones filed the [53] Motion to Adopt Co-Defendant's Motions, in which she sought to adopt the instant [49] Motion.  The Court granted Jones' [53] Motion in the [66] Order; therefore, for the remainder of this opinion, the Court will treat the [49] Dismiss for Failure to State an Offense and for Lack of Specificity as having been brought by both Defendants.

Defendant Young-Bey also filed the pending [50] Motion to Dismiss for Improper Venue on January 13, 2023, which Jones did not move to adopt.

## II. LEGAL STANDARD

A defendant may move to dismiss an indictment on the grounds that the indictment is defective in that it lacks specificity or fails to state an offense, or that venue is improper.  *See* Fed. R. Crim. P. 12(b)(3) (A), (B).  In considering a motion to dismiss, the court must accept the allegations in the indictment as true.  *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015).

### A.  Failure to State an Offense as to Defendants Young-Bey and Jones

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a criminal defendant may, before trial, move to dismiss a count of the indictment based on a "defect in the indictment," which includes "failure to state an offense."  Fed. R. Crim. P. 12(b)(3).  "Failure to state an offense" may be due to a question of statutory interpretation or a constitutional issue.  *See United States v. Stone*, 394 F. Supp. 3d 1, 8 (D.D.C. 2019) (ABJ). When considering a challenge to the indictment, "a district court is limited to reviewing the face of the indictment;" the Court must "presume the allegations [in the] indictment to be true."  *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (internal quotation marks removed).  "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed."  *United States v. Sanford Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012) (BAH).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) ("[T]o be sufficient, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further

prosecution for the same offense."). "[A] pretrial motion to dismiss an indictment allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) (BAH) (internal citation and quotation marks omitted). Dismissal may be granted "only in unusual circumstances" since it "directly encroaches upon the fundamental role of the grand jury." *United States v. Stone*, 394 F. Supp. 3d 1, 13 (D.D.C. 2019) (internal citation and quotation marks omitted).

### B.  Lack of Specificity as to Defendants Young-Bey and Jones

A criminal defendant may file a motion to dismiss an indictment against him for lack of specificity.  *See* Fed. R. Crim. P. 12(b)(3)(B)(iii).  The indictment must set forth only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Martinez*, 764 F. Supp. 2d 166, 170 (D.D.C. 2011) (RCL).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'"  *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *see also United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976) ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). In limited circumstances, "[w]here guilt depends so crucially upon such a specific identification of fact… an indictment must do more than simply repeat the language of the criminal statute."

*Russell v. United States*, 369 U.S. 749, 764 (1962).

### C. Improper Venue as to Defendant Young-Bey

As "[p]roper venue in criminal proceedings was a matter of concern to the Nation's founders," the "Constitution twice safeguards the defendant's venue right." *United States v. Cabrales*, 524 U.S. 1, 6 (1998). Article III provides that "the Trial of all Crimes… shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment further requires that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Federal Rule of Criminal Procedure 18 therefore provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. "When a defendant is charged with multiple counts, venue must be proper on each count." *United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000).

### III. DISCUSSION

Pending before the Court are Defendants Jeffrey Young-Bey and Martina Jones' [49] Motion to Dismiss for Failure to State an Offense and for Lack of Specificity as well as Defendant Jeffrey Young-Bey's [50] Motion to Dismiss for Improper Venue.

As for the [49] Motion to Dismiss for Failure to State an Offense and Lack of Specificity, Defendants argue that the Government fails to state an offense as to Counts Two and Three for Mail Fraud or, in the alternative, that those two counts are deficient for a lack of specificity. They continue that because "the Government failed to sufficiently plead the elements of mail fraud," that is insufficient to uphold a charge of conspiracy. Defs.' Specificity Mot. at 13. Next, "[b]ecause the mail fraud counts are necessary to the counts of expenditure money laundering, and

5

the mail fraud and/or conspiracy to commit mail fraud counts are necessary to the counts of aggravated identity theft, [Defendants] respectfully request[] that the Court dismiss the indictment as it applies to [them]." *Id.* at 13–14.  The Court finds that Counts Two and Three are sufficiently alleged and therefore **DENIES** the [49] Motion.

In Defendant Young-Bey's [50] Motion, he argues that venue is not appropriate in this district because the Indictment does not allege any specific financial or monetary transaction that took place in the District of Columbia.  Def.'s Venue Mot. at 3.  The Court finds that as the Indictment alleges that the acts at issue took place "in the District of Columbia and elsewhere," the Court **DENIES** Defendant's [50] Motion.

## A.  Motion to Dismiss for Failure to State an Offense

Defendant Young-Bey and Jones challenge two counts of Mail Fraud in violation of 18 U.S.C. § 1341 for failure to state an offense.  Defs.' Specificity Mot. at 3.

To prove mail fraud, the government must show: "'(1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme.'"  *United States v. Reid*, 533 F.2d 1255, 1264 (D.C. Cir. 1976).  The Supreme Court has held that "[t]he use of the mails need not be an essential element of the [mail fraud] scheme."  *Schmuck v. United States*, 489 U.S. 705, 710 (1989) (citing *Pereira v. United States*, 347 U.S. 1, 8 (1954)).  It is sufficient for the mailing to be "incident to an essential part of the scheme, *Pereira*, 347 U.S. at 8, or "a step in [the] plot," *Badders v. United States*, 240 U.S. 391, 394 (1916).

Defendants contend that the mailings "identified in the Indictment… fail as a matter of law to establish a sufficient predicate for mail fraud allegations."  Defs.' Specificity Mot. at 3.  More specifically, they argue that "[t]he two… mailings were effected after the alleged schemes were consummated" and therefore do not satisfy the "mailing" element of § 1341.  *Id.* at 7.  The Court

6

finds that Defendants' argument is based on a mistaken premise of when the two schemes involving Property 1 and Property 2 concluded.  *See id.* at 7, 10–11.

Count Two of the Indictment alleges that Defendants Young-Bey and Jones prepared a false and fraudulent property deed for Property 1 including the forged signatures of the true owners of the property. ECF No. 1 ("Indictment") ¶ 7.  Young-Bey notarized the documents using a false and fraudulent notary stamp and the signature of an actual notary.  *Id.* ¶ 8.  He then filed the false and fraudulent deed with the District of Columbia's Recorder of Deeds ("DCROD"), transferring the title of the property from the true owners to a corporate entity controlled by Jones.  *Id.* ¶ 9.  As part of the recording process, Young-Bey paid the recording fees and directed DCROD to mail the executed deed via U.S. mail to an address in Baltimore associated with Jones.  *Id.* ¶ 11.  Young-Bey and Jones then made false and fraudulent misrepresentations to a commercial lender to obtain financing, and then split the loan proceeds.  *Id.* ¶¶ 12–16.  Count Three of the Indictment alleges a similar scheme, except that Young-Bey did not conspire with Jones but was instead working alone.  *Id.* ¶¶ 23–36.

Defendants argue that the schemes involving Property 1 and Property 2 concluded on the dates that they obtained titles to the properties and the deeds were recorded, which was before the mailings at issue.  Defs.' Specificity Mot. at 7, 10–11.  But this misstates the schemes.  The Defendants sought not only to obtain the deeds, which "served as evidence of the transfer of ownership," but also to then use those deeds to "facilitate[] the goal of obtaining a loan against the properties," which was then received as cash.  Gov.'s Omnibus Opp'n at 7.  As the Government explains, "[t]he crux of the scheme to defraud laid out in the Indictment was to obtain the deeds so that the Defendants could obtain a loan against the properties – the object was to obtain money (and property), not simply hold paper title."  *Id.*  These were the goals of Defendants' alleged

scheme to defraud, not collateral consequences as Defendants' Motion suggests.  In this way, the schemes continued well after the use of mail and relied, at least in part, on those mailings.

In certain parts of the Motion, Defendants seem to acknowledge that the schemes continued, in utter contradiction with their own key argument.  First, Defendants argue that "[a]t the latest, the alleged schemes to defraud came to fruition when the deeds were recorded," *id.* at 7; elsewhere, they argues that "[t]hese alleged schemes to defraud came to fruition, at the latest, when Ms. Jones received the loan money (count two) and when Mr. Young-Bey received the funds from the sale of the property (count three)," *id.* at 8; later still they return to the idea that "the schemes reached fruition once Ms. Jones and Mr. Young-Bey obtained title to the properties," *id.* at 10.

Presuming the allegations in the Indictment to be true, the Court finds that the Indictment sets forth the essential elements of the charged mail fraud offense, including the specific use of mail that was part of the two schemes to defraud.  Accordingly, the Court **DENIES** Defendants' [49] Motion to Dismiss the Indictment for Failure to State an Offense.

### B.  Motion to Dismiss for Lack of Specificity

Defendants argue that in the alternative, the Indictment should be dismissed for lack of specificity.  Defs.' Specificity Mot. at 11.  They claim that "the Indictment fails to allege the dates on which the DCROD actually completed the mailing of each deed" and therefore it "fails to specify that the mailings occurred before the schemes came to fruition."[1]  *Id.* at 11–12.  They continue that "the text of the indictment does not have sufficient detail to apprise [Defendants] of the offense with which [they are] charged, as the offense itself—mail fraud—may be temporally

---

1 The Court again notes the inconsistency in Defendants' argument regarding when the schemes came to fruition.

unrelated to the scheme alleged." *Id.* at 13.

The Court finds that this argument likewise fails. Indictments do not have to be drafted with precise specificity; whether an indictment is sufficient "is not a question of whether [the indictment] could have been more definite and certain," *United States v. Debrow*, 346 U.S. 374, 378 (1953), as long as the indictment contains "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1).

Here, the Indictment does in fact provide dates regarding the mailings. In Count Two, the Indictment alleges that "[o]n or about November 15, 2019, Jeffrey M. Young-Bey requested that the deed be returned from DCROD, via U.S. mail, to an address in Baltimore Maryland," Indictment ¶ 10, and that "[o]n or about November 15, 2019… Jeffrey M. Young-Bey and Martina Yolanda Jones… did knowingly place or cause to be placed in an authorized depository for mail matter, to be sent from the District of Columbia and delivered by the United States Postal Service… an envelope containing mail matter, that is, a fraudulent deed," *id.* ¶ 21. In Count Three, the Indictment alleges similar activity taken by Young-Bey "[o]n or about February 18, 2020." *Id.* ¶¶ 31, 36. The Indictment includes additional dates, such as when false representations were made to obtain financing, when documents were signed, and when money was transferred—all of which occurred after the dates when Defendants requested the mail be sent from DCROD. *See, e.g.*, *id.* ¶¶ 12–16.

Defendants argue in reply—seemingly in support of their arguments both that the motion should be dismissed for failure to state an offense and for lack of specificity—that "in response to [Defendants'] Motion for a Bill of Particulars,"[2] which the Court has since denied as moot, *see*

---

2 The Government did not respond to the Bill of Particulars other than in a cursory footnote in their opposition brief. *See* Gov.'s Omnibus Opp'n at 1 n1. In that footnote, the Government explained that "[t]he parties conferred on two separate phone conferences as to the Motion

Minute Order, May 8, 2023, "the Government confirmed that it possesses no evidence that any specific mailing occurred here and instead intends to rely at trial on the DCROD's usual practice of mailing deeds some time after the recording date, with no ability to establish that DCROD actually followed that practice here and used the mail as required by the statute." ECF No. 57 ("Def.'s Reply") at 3.  But "[t]here is no requirement that the indictment make out the government's case or provide any details as to the logistics of the alleged offense." *United States v. McHugh*, Crim. No. 21-453 (JDB), 2023 WL 2384444, at *3 (D.D.C. March 6, 2023).  "The operative question is whether the allegations [in the indictment], *if proven*, would be sufficient to permit a jury to find that the crimes charged were committed." *Sanford, Ltd.*, 859 F. Supp. 2d at 107 (emphasis added).  The Defendants' second-hand information about how the Government *plans to prove* those allegations and what their evidence will be at trial is not relevant in the current inquiry.

The Court finds that the information included in the Indictment provided all essential elements of the offense and informed Defendants of the nature of the accusations against them, as is required.  The Court therefore **DENIES** Defendants' [49] Motion to Dismiss the Indictment for Lack of Specificity.

### C.  Motion to Dismiss for Improper Venue

Defendant Young-Bey also brought the pending [50] Motion to Dismiss, in which he argues that venue is not proper in this district for Counts Four and Five, which charge Expenditure

---

seeking a Bill of Particulars. As a result of those conferences, the government understands that the Motion for a Bill of Particulars is now moot and counsel for Defendants no longer seek a ruling from the Court requiring additional information." There was no additional information about relying on DCROD's usual practice, so the Court assumes that this "confirmation" from the Government was made during the phone conferences or other communications between the parties that the Court was not privy to.

Money Laundering in violation of 18 U.S.C. § 1957. The proper venue for violations of § 1957 is set forth in § 1956(i). *See* 18 U.S.C. § 1956(i). That statute provides for two paths to venue, stating that

> a prosecution for an offense under this section or section 1957 may be brought in – (A) any district in which the financial or monetary transaction is conducted; or (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

*Id.* Young-Bey argues that under neither (A) nor (B) is venue appropriate in this district. The Court finds that (A) is satisfied and therefore does not move on to a secondary theory under (B).

Young-Bey argues that for Counts Four and Five, "the Indictment does not allege any specific financial or monetary transaction that took place in the District of Columbia." Def.'s Venue Mot. at 3. He continues that "[n]o information is provided as to the location of the bank where the alleged cashier's checks were drawn, nor is identifying information as to the alleged recipient of the funds sufficient to establish venue. The Indictment merely identifies the amount of the checks and their alleged purpose." *Id.* at 3–4. The Government responds by pointing to the text of the Indictment itself, which alleges that the acts at issue took place "in the District of Columbia and elsewhere." Gov.'s Omnibus Opp'n at 10 (citing Indictment ¶¶ 38, 40).

All that is required is that the Government allege venue without a facially obvious defect. *United States v. Haire*, 371 F.3d 833, 840 (D.C. Cir. 2004), *vacated on other grounds*, 543 U.S. 1109 (2005); *see also United States v. Sitzmann*, 74 F. Supp. 3d 96, 113 (D.D.C. 2014) (PLF); *United States v. Perez*, 280 F.3d 318, 327 (3d Cir. 2002). Here, as the Indictment reveals, there is no such facial defect.

The Court therefore **DENIES** Defendant's [50] Motion to Dismiss for Lack of Venue.

11

**IV. CONCLUSION**

For the reasons set forth above, the Court will **DENY** Defendants Jeffrey Young-Bey and Martina Jones' [49] Motion to Dismiss for Failure to State an Offense and for Lack of Specificity as well as Defendant Jeffrey Young-Bey's [50] Motion to Dismiss for Improper Venue.  An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge