## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 21-661 (CKK) |
| JEFFREY M. YOUNG-BEY and MARTINA YOLANDA JONES, | |
| Defendants. | |

## MEMORANDUM OPINION & ORDER
(July 24, 2023)

The Court considers Defendant Young-Bey's [126] Motion for Continuance of Trial.  At the July 14, 2023 hearing, the Court discussed the [126] Motion and indicated that a written opinion and order would be forthcoming that would include a new trial date.  The Court now issues such a ruling.

## I. BACKGROUND

A jury trial was set to begin in this case on July 18, 2023.  At the pretrial conference on July 5, 2023, the Court was first notified that lead counsel for Defendant Jeffrey Young-Bey, Glen Donath, had contracted COVID-19.  *See* ECF No. 126 at 1; *see also* Minute Order, July 6, 2023. On July 11, 2023, pursuant to the Court's Minute Order, Defendant Young-Bey advised the Court via email that Mr. Donath's health had improved and he was no longer testing positive.  *See* ECF No. 126 at 1.  However, shortly thereafter, Mr. Donath experienced rebound COVID, taking ill and repeatedly testing positive.  *Id.*

After other communications via email, the parties filed a [119] Joint Motion for Status Conference on July 12, 2023 to address trial scheduling in light of Mr. Donath's health and

1

Defendant Young-Bey's attendant concerns about his preparation for trial. The Court posted a Minute Order the following day instructing the parties to file notices indicating their position on going forward with the trial as scheduled.

In response to the Minute Order, the Government filed a [125] Notice indicating that they did not take a position on whether the trial was continued and instead defer to the Court. *See* ECF No. 125 at 1.

Defendant Young-Bey then filed the [126] Motion for Continuance of Trial, which describes further how lead counsel, Glen Donath, had a highly symptomatic case of COVID-19. The Motion indicates that Mr. Donath's illness "prevent[ed] him from participating in trial preparation," and that he "remains bed bound." *Id.* Defendant Young-Bey emphasized that he had "serious concerns… in relation to his inability to meaningfully prepare for trial due to the absence of his lead attorney." *Id.* at 2. Additionally, the [126] Motion indicates that during the period during which he tested negative, Mr. Donath was physically present in office and, therefore, there were concerns that Mr. Donath may have exposed other members of the trial team. *Id.* at 1.

In addition to the issue of Mr. Donath's COVID-19 illness and the consequent hindrance in trial preparation, Defendant Young-Bey noted that his defense counsels had been previously unable to access some Government discovery due to technological difficulties. *Id.* at 2. Said discovery was a log of phone records, and, at the time of filing the [126] Motion, lead counsel Mr. Donath had not yet seen the documents. *Id.* The Government explained in their [125] filing that they did in fact provide discovery in a timely manner, *see* ECF No. 125 at 3, a statement with which Defendant Young-Bey agreed, *see* ECF No. 126 at 2.

Defendant Jones then filed a [127] Response indicating that she supported Defendant Young-Bey's Motion for Continuance. ECF No. 127 at 1. Her response also states that she is not

vaccinated, which puts her at greater risk to contract COVID-19. *Id.*

After receiving these filings, the Court held a hearing to discuss the [126] Motion on July 14, 2023; Defendants, Defense counsels, and counsel for the Government were present by Zoom, and a court reporter was present in Courtroom 28A. Defendant Jones again indicated her consent to and support of the [126] Motion to Continue. The Government indicated that they did not object to a continuance, stating that it made sense given Mr. Donath's illness. When the Court questioned Defendant Young-Bey, he agreed to the continuance. Both Defendants waived their rights under the Speedy Trial Act until the new trial date. The Court then informed the parties that the trial would in fact be continued; the Court explained that the reasoning would be set forth and a new date determined at a later time. The Court now formally makes such a ruling.

## II. LEGAL STANDARD

"A trial judge enjoys great discretion in ruling on a motion for a continuance." *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Haldeman*, 559 F.2d 31, 83–84 (D.C. Cir. 1976) (en banc) (per curiam), *cert. denied*, 431 U.S. 933 (1977)). However, this discretion is not boundless, as the judge must balance the justifications offered by the party seeking a continuance with the judicial system's interest in expeditious proceedings. *Id.* In cases where a motion to continue rests on counsel's unavailability, a defendant's choice of counsel, or the like, expeditiousness must not necessarily trump a defendant's reasonable time to prepare for trial; "stripping away the opportunity to prepare for trial is tantamount to denying altogether the assistance of counsel for the defense." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978).

Ultimately, whether a delay is reasonable depends on all the surrounding facts and circumstances. *Id.* at 490. Some of the factors to be weighed by a trial judge in considering a

motion for continuance are

> the length of the requested delay; whether other continuances have been requested
> and granted; the balanced convenience or inconvenience to the litigants, witnesses,
> counsel, and the court; whether the requested delay is for legitimate reasons, or
> whether it is dilatory, purposeful, or contrived; whether the defendant contributed
> to the circumstance which gives rise to the request for a continuance; whether the
> defendant has other competent counsel prepared to try the case, including the
> consideration of whether the other counsel was retained as lead or associate
> counsel; whether denying the continuance will result in identifiable prejudice to
> defendant's case, and if so, whether this prejudice is of a material or substantial
> nature; [and] the complexity of the case.

*Id.* at 490–91.

### III. DISCUSSION

The Court considers the various factors enumerated above, as well as the parties' positions on Defendant Young-Bey's Motion, and shall **GRANT** the [126] Motion for Continuance.

To begin, Defendant Young-Bey requested a continuance until such time that lead counsel, Mr. Donath, would be recovered, but did not ask for a specific time period. In his [126] Motion, Defendant Young-Bey acknowledged that the Court has an "extremely complex and busy schedule, including a number of complicated and lengthy trials which are pre-scheduled," and therefore had discussed with the Government potential trial schedules for winter and spring of 2024. ECF No. 126 at 2. At the July 13, 2023 hearing, the Court indicated that it may be available in January 2024, which all parties agreed would work for their schedules as well. During the intervening time, Mr. Donath can review the discovery that he had not yet been able to review as well as prepare Mr. Young-Bey for trial. The Court notes that no previous continuances of the trial date have been requested.

Next, while "[a]ny delay might result in some inconvenience, and this case [is] no exception to that rule," *Burton*, 584 F.2d at 499, the Court finds that there is not excessive inconvenience to litigants, witnesses, counsel, nor the Court itself. The Government stated that

"the witnesses the government expects to call are cooperative and would likely be able to appear for a trial date in the future." ECF No. 125 at 2. And unlike in other cases, *see, e.g.*, *United States v. Gordon*, 77 F. Supp. 3d 95, 100 (D.D.C. 2015) (RCL), *aff'd*, 641 Fed. Appx. 2 (D.C. Cir. 2016), there is no indication that witness's memories would fade or that safety issues would arise during the period of continuance. While a continuance does strain the Court's already-limited availability and disrupts the Court's schedule, it is for good reason, as will be discussed later, and unlike in other cases where a continuance was sought the day before trial, *see, e.g.*, *Poston*, 902 F.2d at 97, the Court had notice of Mr. Donath's illness in the weeks leading up to trial.

Most importantly here, the Court finds that the requested delay is for legitimate reasons: first and foremost, lead counsel's COVID-19 illness. As indicated by the [75] Courtroom Procedures Order posted on May 16, 2023, the Court continues to take seriously the possibility of COVID-19 transmission by requiring face masks for all trial participants throughout the entire proceeding and ordering individuals who have tested positive or experienced symptoms to notify the Court. Additionally, this Court has previously continued other trials due to counsel's illness that was believed at the time to be COVID-19. *See, e.g.*, *United States v. Bailey*, No. 19-0156 (CKK), 2021 WL 5798045, at *1 (D.D.C. Dec. 7, 2021). The Court was concerned for Mr. Donath's well-being; additionally, as he went into the office during his period of testing negative, the [126] Motion indicated that he may have infected others assisting with the case. The Court did not receive further information about this. The Court also takes into consideration the fact that Defendant Jones is unvaccinated, which places her at heightened risk of contracting COVID-19 herself and/or spreading it to others. The Court does not quibble with safety and health, and finds Mr. Donath's COVID-19 illness to be a sufficiently legitimate reason to request a continuance. Furthermore, this illness impacted Mr. Donath's ability—or, rather, inability—to participate in

pre-trial matters and prepare Defendant Young-Bey. It should go without saying that Defendant Young-Bey did not contribute to this need for a continuance.

Defendant Young-Bey also provided a secondary reason to support the continuance, noting that his counsels were unable to access certain phone logs that the Government provided as discovery until recently due to technological difficulties; in particular, Mr. Donath had been unable to review them at the date of filing the [126] Motion. Allowing lead counsel, Mr. Donath, the opportunity to review such discovery once he recovers is not an independent legitimate reason to warrant a continuance, but, in conjunction with Mr. Donath's COVID-19 illness and impact on trial preparation, supports the Court's findings.

Next, the Court acknowledges that Defendant Young-Bey has other competent counsel who could try the case: Attorney Joshua G. Berman, who was "the most senior counsel on defendant Young-Bey's team apart from Mr. Donath," and has an impressive list of credentials, ECF No. 125 at 2 & n.1, as well as additional attorneys. But as the Government put it, "Mr. Berman[] states that he has not served as lead counsel during preparation for trial, has [sic] participated in the criminal proceedings to the same extent as Mr. Donath and does not have the same historical knowledge of the case." *Id.* at 2. This is not a case where co-counsel stated that he was prepared to try the case, *cf. Poston*, 902 F.2d at 97, but instead, both he and his client expressed the opposite. Mr. Donath was Defendant Young-Bey's lead attorney, and Defendant Young-Bey was adamant that he was not being adequately prepared without Mr. Donath's assistance.

The Court now addresses whether the continuance will result in identifiable prejudice. The Court does not want to speculate on whether such prejudice would have occurred; however, given that Defendant Young-Bey's lead counsel was "bed bound" with a "highly symptomatic case of"

COVID-19, ECF No. 126 at 1, requiring Defendant Young-Bey to proceed to trial without adequate preparation from his lead attorney could have raised significant issues.

Finally, the last factor enumerated is the complexity of the case. The Government stated that "the case is not overly complex." ECF No. 125 at 2. Without further representations as to this factor, the Court finds it does not change the overall balance.

In closing, the Court also emphasizes that Defendant Young-Bey's [126] Motion was not contested; instead, Defendant Jones supported the motion and the Government did not oppose it. The Court considers the parties' positions on the issue to be significant, particularly in light of their near-universal endorsement for a continuance. Altogether, looking at the factors enumerated above and the parties' positions, the Court finds that continuing the trial, originally scheduled for July 18, 2023, to a time in January 2024 does not constitute an unreasonable delay.

## IV. CONCLUSION

The Court **GRANTS** the [126] Motion to Continue. The Court **ORDERS** that the trial scheduled to begin July 18, 2023 is **CONTINUED** until JANUARY 24, 2024. The Court ORDERS the parties to appear for a pretrial conference on JANUARY 22, 2024 at 10:00 am EST in Courtroom 28A.

SO ORDERED.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge