## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JEFFREY M. YOUNG-BEY and <br> MARTINA YOLANDA JONES, <br><br> Defendants. | Criminal No. 21-661 (CKK) |

## MEMORANDUM OPINION
(January 17, 2024)

Before the Court are Defendant Jones's [120] Motion for Leave to Impeach, in which she seeks to impeach Defendant Young-Bey with evidence of prior convictions, and [143] Second Motion to Sever, in which she again argues that she should be allowed to impeach Defendant Young-Bey's credibility with evidence of his prior convictions and, if not, that this case should be severed. For the reasons that follow, the Court **DENIES** both of Defendant Jones's [120] and [143] Motions.

## I. BACKGROUND

This criminal case involves two Defendants, Jeffrey Young-Bey and Martina Jones, who allegedly conspired to, and did, jointly execute a scheme to steal a vacant property in the District of Columbia (the "Bryant Street property") through use of a fraudulent deed. *See* ECF No. 144 ("Gov.'s Opp'n to Def.'s Mot. to Sever") at 2. After recording the fraudulent deed, they allegedly transferred the Bryant Street property to Defendant Jones; the two then allegedly took out a mortgage loan against the property. *See id.* In doing so, Defendant Young-Bey falsely represented to mortgage lenders that Defendant Jones inherited the Bryant Street property. *See id.* Defendant

1

Young-Bey and Jones then split the loan proceeds.  *See id.*  Later, Defendant Young-Bey allegedly used a similar fraudulent scheme to steal another property, this time acting on his own.  *See* ECF No. 55 at 3.

Defendants Jeffrey Young-Bey and Martina Jones are jointly charged in the [141] Superseding Indictment with Count One, Conspiracy to Commit Mail Fraud and Bank Fraud in violation of 18 U.S.C. § 1349; Count Two, Mail Fraud in violation of 18 U.S.C. § 1341; Count Three, Bank Fraud in violation of 18 U.S.C. § 1344; and Count Six, Conspiracy to Commit Expenditure Money Laundering in violation of 18 U.S.C. § 1956(h).  Defendant Young-Bey is alone charged with Count Four, Mail Fraud in violation of 18 U.S.C. § 1341; Count Five, Bank Fraud in violation of 18 U.S.C. § 1344; Counts Seven and Eight, Expenditure Money Laundering in violation of 18 U.S.C. § 1957; and Counts Nine through Thirteen, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

This matter was scheduled to proceed to trial on July 18, 2023 but was continued on July 14, 2023 due to counsel for Defendant Young-Bey contracting COVID-19.  *See* [138] Mem. Op. & Order.  Defendant Jones had filed the [120] Motion for Leave to Impeach ("Def.'s Mot. to Impeach") on July 13, 2023, seeking to impeach Defendant Young-Bey with evidence of his prior convictions; that motion was not resolved at that time due to the continuance.  The Court had previously denied a motion by the Government seeking the same thing—to impeach Defendant Young-Bey with two prior convictions.  *See* ECF No. 122, Mem. Op. & Order, at 4–10.  Then, although the deadlines set in the [60] Pretrial Scheduling Order passed months ago (prior to the originally scheduled July trial), all parties filed motions in recent weeks, including Defendant Jones's instant [143] Second Motion to Sever ("Def.'s Mot. to Sever").  The Court had denied an earlier motion to sever by Defendant Jones.  *See* ECF No. 68, Mem. Op. & Order.  In her Second

Motion to Sever, Defendant Jones argues again that she should be allowed to impeach Defendant Young-Bey's credibility with evidence of his prior convictions and, if not, this case should be severed.

Both [120] and [143] Motions are now ripe for the Court's resolution.

## II. DISCUSSION

### A. Impeachment with Prior Convictions

Both of Defendant Jones's motions stem from the Government's stated intention to introduce false statements made by Defendant Young-Bey to a mortgage lender that Defendant Jones inherited the Bryant Street property. *See* Def.'s Mot. to Impeach at 1; Def.'s Mot. to Sever at 1; *see also* ECF No. 105 at 15–18 (Government's trial brief describing the statements). The Government claims that Defendant Jones "remained silent in the face of [such] statements" and therefore "adopted them" and "ratified them." ECF No. 105 at 15–16. The Government argues that such statements are admissible not only against Defendant Young-Bey, but also against Defendant Jones as statements of a co-conspirator in furtherance of a conspiracy. *Id.* at 16–18. The Court previously held that such statements were provisionally accepted pending the Government's presentation of the evidence at trial. *See* ECF No. 122, Mem. Op. & Order, at 11.

After learning of the Government's intention to introduce these false statements, Defendant Jones moved for leave to challenge Defendant Young-Bey's credibility by impeachment. Def.'s Mot. to Impeach at 2; *see also* Def.'s Mot. to Sever at 3. More specifically, she seeks "to argue that his prior convictions make anything he said subject to doubt—particularly to the extent that the Government infers that his statements about Ms. Jones support the contention that they conspired together." Def.'s Mot. to Impeach at 2; *see also* Def.'s Mot to Sever at 5 ("the defense will argue that the convictions… are a compelling reason to conclude that he was being dishonest

when he told the potential lenders that Ms. Jones inherited the property").  The legal basis she presents is Federal Rule of Evidence 806.  *See id.* at 1 (erroneously referring to the rule as Federal Rule of Criminal Procedure 806, which does not exist); Def.'s Mot. to Sever at 1.

Rule 806 states that "[w]hen a hearsay statement—or a statement described in Rule 801(d)(2)(C), (D), or (E)—has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness."  F.R.E. 806.  By Jones's line of thinking, evidence of Defendant Young-Bey's prior convictions would be admissible if he were to testify and, therefore, should be admissible for impeachment purposes even if he does not testify after the Government introduces the false statements made to the mortgage lender.  Defendant Jones's argument fails for two reasons.

First, the Court has already ruled that Defendant Young-Bey's 1995 and 1997 convictions are *not* admissible for impeachment purposes.  In their trial brief, the Government indicated that if Defendant Young-Bey chooses to testify, they would seek to impeach him with two prior convictions pursuant to Federal Rule of Evidence 609.  ECF No. 105 at 9–12.  The Court denied their motion after holding that the probative value of such convictions does not outweigh their prejudicial effect.  *See* ECF No. 122, Mem. Op. & Order, at 4–10.  So, as the Government explains, Defendant Jones's motions are "an attempt to relitigate the Court's finding" on this issue.  Gov.'s Opp'n to Def.'s Mot. to Sever at 1; *see also* ECF No. 129 at 2 ("the Court has already foreclosed Defendant Jones's motion through its previous order.").  Defendant Jones does not present any reason why the Court's earlier holding on this issue was incorrect.

The Court's analysis set forth in its previous opinion remains in effect, as does its holding that Defendant Young-Bey's 1995 and 1997 convictions cannot be used to impeach him.  *See* ECF

No. 122, Mem. Op. & Order, at 4–10.

Second, Defendant Jones's reliance on Rule 806 as a threshold to introduce such evidence is incorrect. Rule 806 applies only "[w]hen a hearsay statement—or a statement described in Rule 801(d)(2)(C), (D), or (E)—has been admitted in evidence." F.R.E. 806. The statements at issue here that the Government intends to admit (those made by Defendant Young-Bey to the mortgage lender) do not fall within this rule.

The statements are not hearsay because they are not offered for the truth of the matter asserted therein. *See* F.R.E. 801(c) ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."). Defendant Jones did not inherit the Bryant Street property; neither the Government *nor Defendant Jones herself* claim that she did. *See* Gov.'s Opp'n to Def.'s Mot. to Sever at 6 (Government stating that "Defendant Jones, of course, did not inherit the Bryant Street Property"); Def.'s Mot. to Sever at 5 (Jones stating that "[Young-Bey] was being dishonest when he told the potential lenders that Ms. Jones inherited the property."). Therefore, the statements would not be offered for the truth of the matter asserted. Accordingly, Rule 806 does not apply in the context of Defendant Young-Bey's false statements made to the mortgage lender and cannot permit Defendant Jones's impeachment of Defendant Young-Bey.

Defendant Jones argues that she "has the right to vigorously defend herself," Def.'s Mot. to Sever at 5, and that she "needs to convince the jury that Mr. Young-Bey's credibility is so compromised that they can reasonably conclude his motive included deceiving Ms. Jones for his own benefit," ECF No. 147 ("Def.'s Reply re: Mot. to Sever") at 2. She continues that Defendant Young-Bey's "prior convictions are the most probative evidence of the defendant's lack of credibility and his out of court statements are the most damaging pieces of evidence in this case,

*Id.* at 1.  That these statements may be true, and that Defendant Jones wants to devise the best defense to undermine Defendant Young-Bey as an alleged co-conspirator, does not change the rules governing the introduction of evidence.

Accordingly, based on the present record that the parties have provided, the Court will **DENY** Defendant Jones's [120] Motion to Impeach Defendant Young-Bey with evidence of his 1995 and 1997 convictions.  The Court will also **DENY** Defendant Jones's [143] Second Motion to Sever insofar as she seeks to impeach Defendant Young-Bey with evidence of these prior convictions.

### B.  Severance

Defendant Jones next argues that if the Court will not allow impeachment with Defendant Young-Bey's prior convictions, then severance should be granted.  Def.'s Mot. to Sever at 5; *see also* ECF No. 131 (stating in her reply brief in support of the [120] Motion for Leave to Impeach that "the only appropriate remedy to protect Ms. Jones and Mr. Young Bey's respective right to a fair trial is to conduct separate trials.").

Case law is clear that "[t]here is a preference in the federal system for joint trials."  *United States v. Bikundi*, 926 F.3d 761, 780 (D.C. Cir. 2019).  Under Federal Rule of Criminal Procedure 14, the Court "may order separate trials of counts" or "provide any other relief that justice requires" if joining offenses "appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a) (emphasis added).  "The defendant carries the burden of demonstrating prejudice resulting from a failure to sever, but such a showing does not result in an automatic grant of the motion."  *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012) (citations omitted).  "Severance is the exception rather than the rule," *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021), and "the Supreme Court has cautioned that 'a district court should grant a severance motion under Rule

14 only if there is a serious risk that a joint trial would… prevent the jury from making a reliable judgment about guilt or innocence,'" *Bikundi*, 926 F.3d at 780 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).   In light of these principles, motions to sever should be granted "sparingly." *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010).  Here, the Court finds that Defendant has not met her burden of demonstrating the need for severance.

Defendant Jones previously filed a [52] Motion to Sever on the basis of (1) an alleged disparity in evidence and charges between the defendants, and (2) antagonistic defenses that would be presented if the defendants are jointly tried.  *See* ECF No. 52.  The Court denied her motion, holding that proper jury instructions could safeguard against any prejudice. *See* ECF No. 68, Mem. Op. & Order, at 2, 6.

As the Government now notes, "this Court previously determined [] that Defendant Jones failed to meet the steep burden to justify severance," and "[t]he only difference cited in Defendant Jones's renewed Motion to Sever is that the Court has now ruled that Defendant Young-Bey may not be impeached with evidence of his prior convictions."  Gov.'s Opp'n to Def.'s Mot. to Sever at 6.  The Court agrees that the pending motion to sever rests entirely on Defendant Jones's aim of impeaching Defendant Young-Bey with his prior convictions once the Government introduces his false statements to the mortgage lender.  *See* Def.'s Mot. to Sever at 5 ("If this Court will not permit impeachment of Mr. Young-Bey's out of court statements with his prior convictions at a joint trial, then severance should be granted.").  But, *even if this case were to be severed*, Defendant Jones would still not be able to impeach Defendant Young-Bey via the method she suggests here; the statement from Defendant Young-Bey to the mortgage lenders would still not be hearsay, and therefore still not within the scope of Rule 806 so as to allow her to attack Defendant Young-Bey's credibility.  Defendant Jones does not offer any arguments as to why a separate trial would allow

her to attack Defendant Young-Bey's credibility in a way not available in a joint trial, or how she would do so other than through her suggested method under Rule 806.

Instead, she repeatedly states that not allowing her to impeach Defendant Young-Bey with his prior convictions denies her her rights under the Confrontation Clause. *See* Def.'s Mot. to Sever at 2 ("Trying the cases jointly without permitting Ms. Jones to fully challenge Young-Bey's credibility would violate her constitutional right to confront the principal—perhaps only—witness against her."); *id.* at 5 ("Separate trials would be necessary to protect Ms. Jones' constitutional right to confront and cross-examine the witness against her"); Def.'s Reply re: Mot. to Sever at 1 ("To protect defendant Martina Jones' constitutional right to fully confront the witness against her, this Court should either permit the impeachment with the prior convictions or sever the cases for trial."). But "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish," *Delaware v. Fensterer*, 474 U.S. 15, 20, (1985) (per curiam) (emphasis removed), nor does it "provide a freestanding guarantee against the risk of potential prejudice that may arise inferentially in a joint trial," *Samia v. United States*, 599 U.S. 635, 655 (2023). Any such opportunity for cross-examination remains subject to other rules of evidence.

The Court finds that Defendant Jones has not met her burden of demonstrating prejudice sufficient to justify severance, particularly as she has not presented any argument regarding what she could present at a severed trial that she could not during a joint trial.

Accordingly, based on the present record that the parties have provided, the Court will **DENY** Defendant Jones's [143] Second Motion to Sever insofar as she seeks severance for trial.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Jones's [120] Motion for Leave to Impeach and [143] Second Motion to Sever.  An Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge