**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 21-661 (CKK) |
| JEFFREY M. YOUNG-BEY and MARTINA YOLANDA JONES, | |
| Defendants. | |

**MEMORANDUM OPINION & ORDER**
(January 27, 2024)

Before the Court are various motions related to a letter that was originally offered by Defendant Young-Bey as Exhibit 2016. This letter appears to be sent from Defendant Young-Bey to Defendant Jones on December 20, 2019 with the subject "Private Placement Offering Assistance." *See* ECF No. 110-1. As Defendant Young-Bey explains in the letter, the private placement was to be in the amount of five million dollars, and the estimated initial payment would be $162,000. *Id.* The letter also contains the wire transfer number and bank account number or First Democracy Mortgage Investors Group, Inc., where Young-Bey worked. *Id.*

The motions related to Exhibit 2016 are varied, but the underlying issue present in all motions is whether this letter can be admitted into evidence. These motions were first filed after Defendant Young-Bey included Exhibit 2016 on his list of potential exhibits to be used at trial. The Government initially sought to exclude the letter, arguing that it is hearsay. *See* ECF No. 110. Defendant Jones then filed a motion to admit the letter through the hearsay exception for a party admission. *See* ECF No. 111. In this filing, she also stated that "[i]n the context of this case, there is a good faith reason to believe—and a basis for Ms. Jones defense to argue—that the December

1

20, 2019 Private Offering Letter is a fraudulent document." *Id.* at 4.  She continued that "it appears that Young-Bey is seeking to fabricate a legitimate excuse, i.e. a financial investment, as the reason for the wire transfer he received after all the funds were sent to Ms. Jones bank account." *Id.* at 5.

In Defendant Young-Bey's response, he asked the Court to delay any ruling until the attempted admission of Exhibit 2016 at trial.  *See* ECF No. 112 at 5.  He focuses on the issue of authenticity, stating that "[t]he document's authorship and provenance have not been introduced into evidence.  Without that foundation, the document at present cannot be considered a 'statement' by anyone." *Id.*  In their response to Defendant Jones' motion, the Government argues that the party opponent exception to hearsay does not apply.  *See* ECF No. 117.

Defendant Jones then filed a Motion to Compel Inspection of Exhibit 2016 to determine whether additional evidence could be gathered to support her claim that the letter was fraudulent. *See* ECF No. 118 at 1.  She explains her reasoning for thinking that the letter is fraudulent:

> (1) the letter was not located during a search of the defendant's email accounts.; (2) no letters with a similar letterhead were located during the emails search; (3) the single page letter allegedly memorializes an offer for a specialized, private securities offering, for which the defendant appears to have no expertise, nor experience and for which no supporting documents were provided; and (4) the letter is contradicted by other documents as to which the parties have stipulated are authentic, including emails from the defendant directing the payment of funds from the mortgage to his account.

*Id.* at 1 n.1.

In response, the Government stated that they also believed that the letter was fraudulent. *See* ECF No. 123 at 1.  They continue that they do "not believe that this document would be admitted in trial in any manner," as "[i]t is hearsay and cannot be authenticated," but otherwise did not take a position on Defendant Jones' Motion to Compel.  *Id.*  Defendant Young-Bey filed a response under seal.  *See* ECF No. 124.  Defendant Jones doubled down, filing a Motion to Appoint Document Examiner, again explaining that she "believes that the December 20, 2019

communication is a false document that was created long after the date that appears on the letter." *See* ECF No. 137 at 1.

At the pretrial conference on January 17, 2024, the parties and the Court discussed the various pending motions regarding Exhibit 2016. *See* Minute Order, Jan. 17, 2024. Issues regarding the letter's authenticity and admission were not resolved. *See id.* Defendant Young-Bey's counsel indicated that the letter provided to Defendant Jones's counsel was in fact the original version of the document, which was stored electronically, and that he does not possess any other versions.[1]

In her most recent filing, Defendant Jones again moves to admit the letter at trial, this time to show consciousness of guilt through its falsity. *See* ECF No. 172.

Defendant Young-Bey has explained that "his most recent exhibit list does not include the document and Mr. Young-Bey will not seek to introduce it at trial." ECF No. 173 at 1.

The Court will address various evidentiary concerns regarding the letter in turn.

**A. Authentication**

The Court finds that if Defendant Jones can elicit evidence of the letter's "distinctive characteristics and the like," it would be authenticated because a jury could reasonably conclude that Defendant Young-Bey is the author. Defendant Jones argues as such in her most recent motion. *See* ECF No. 172 at 3.

Under Federal Rule of Evidence 901(a), to satisfy the requirement of authenticating an item of evidence, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "The threshold for the Court's

---

1 Based on this discussion, it appeared to the Court that Defendant Jones's attorney was no longer pursuing the request in his [137] Motion to Appoint Document Examiner.

determination of authenticity is not high, however, and the proponent's burden of proof of authentication is slight." *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (RC) (citing other cases for support). One method of authenticating an item of evidence is eliciting evidence concerning the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). For example, in a case before Judge Rudolph Contreras, the court held that although the defendant claimed that there was no evidence that the document was actually written by him, the surrounding circumstances could rationally lead the jury to conclude otherwise as the letter: (1) was found on his computer; (2) contained his signature block; (3) contained the letterhead of a company through which he conducted business; and (4) the contents of the letter related to this case. *Hassanshahi*, 195 F. Supp. 3d at 49.

The same is true here, where Exhibit 2016 contains: (1) Young-Bey's signature block; (2) Young-Bey's company letterhead; (3) Young-Bey's contact information; and (4) the contents of the letter include information that only a certain person would know, that being Young-Bey. Accordingly, based on the record before it, if Defendant Jones is able to elicit evidence regarding these characteristics of the letter, the Court finds that it would be authenticated.

### B. If the Letter Cannot Be Proven Fake

If Defendant Jones cannot prove the letter was fraudulent, then Exhibit 2016 is inadmissible as it is hearsay and no exception applies.

The parties agree that the letter would be hearsay. *See* ECF No. 110 (Government's motion to exclude as hearsay), ECF No. 111 (Jones' motion to admit as hearsay exception). However, Defendant Jones argues that the letter satisfies a hearsay exception as a party admission pursuant to Federal Rule of Evidence 801(d)(2). ECF No. 111 at 3. Rule 801(d)(2) governs when "[t]he

statement is offered against an opposing party." Fed. R. Evid. 801(2)(2). However, as the Government explains, Rule 801(d)(2) does not apply because Defendant Young-Bey and Jones are jointly charged as members of a conspiracy to commit a crime and stand trial together and, therefore, are not opposing parties. *See* ECF No. 117 at 5.

Accordingly, based on the record before it, the Court finds that if the letter cannot be proven fake, it is inadmissible as hearsay.

### C.  If the Letter Can Be Proven Fake

The Court begins by noting that Defendant Jones has not offered *any* explanation or evidence as to how she plans to prove the letter is fraudulent. *See* ECF No. 173 at 1 ("Ms. Jones has argued to the Court multiple times that the document bears indicia of fraud, but she has never offered any actual evidence in support of that assertion beyond self-serving characterizations and speculation."). The Court is skeptical of how she would do so, in addition to its skepticism regarding how she would introduce the exhibit at trial. However, if she were to successfully prove the letter was fraudulent, the Court finds that Exhibit 2016 would be admissible to show consciousness of guilt.

If the letter were fake, it would not be hearsay because it would not be offered for the truth of the matter asserted therein. *See* F.R.E. 801(c) ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

In terms of admissibility otherwise, caselaw is clear that a defendant's false exculpatory statements are admissible to circumstantially show consciousness of guilt. *See United States v. McDougald*, 650 F.2d 532, 533 (4th Cir. 1981) (district court's jury instruction that an exculpatory statement by a defendant and found to be untrue could be evidence of a defendant's consciousness

of guilt was proper); *United States v. Nusraty*, 867 F.2d 759, 765 (2d Cir. 1989) ("False exculpatory statements are [] admissible… as evidence of consciousness of guilt."); *United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995) (a defendant's "affirmative attempts to disassociate his name from the delivery of the package showed consciousness of guilt."); *United States v. Rajewski*, 526 F.2d 149, 158 (7th Cir. 1975)("It is well settled that untrue exculpatory statements may be considered as circumstantial evidence of the defendant's consciousness of guilt."); *United States v. Zhang*, 703 F.2d 1186, 1190 (10th Cir. 1982) (upholding a trial court's admission of documents as false exculpatory evidence, where "[t]he trial court admitted these documents noting that the evidence was allowed to show intent.  The trial court carefully instructed the jury that a defendant's attempt to fabricate evidence after an alleged violation of the law is not sufficient to establish guilt. … The judge fully instructed the jury on the use of such evidence; therefore, it was for the jury to weigh the testimony and the evidence and determine whether the false exculpatory evidence indicated a consciousness of guilt or nothing at all.").  The United States Court of Appeals for the District of Columbia has held that, at least in the context of habeas corpus "detainee cases, we have found that false cover stories, like those spun by [the defendant], are evidence—often strong evidence—of guilt." *Hussain v. Obama*, 718 F.3d 964, 969 (D.C. Cir. 2013).

If Defendant Jones were to prove that the letter was fake and created by Defendant Young-Bey after the fact, once litigation had begun but back-dated to December 2019, it would qualify as a false exculpatory statement.  As she explains, she "believes that the securities letter was created after the fact by Mr. Young-Bey to falsely justify why Ms. Jones sent him a wire transfer of $161,000 shortly after the mortgage on 164 Bryant Street was paid out."  ECF. No. 172 at 1.  In turn, the letter would be admissible to show Defendant Young-Bey's consciousness of guilt.

Next, the Court addresses balancing under Federal Rule of Evidence 403.  That rule states

6

that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. Here, based on the record before it, the Court finds the probative value to be high: the letter was allegedly created by Defendant Young-Bey as a "cover story" for his illegal actions after the crime had already been committed and, additionally, it implicates Defendant Jones in those illegal actions.  Defendant Jones explains that her defense at trial "is that Mr. Young-Bey was working 'behind her back' and adverse to her interests."  ECF No. 172 at 2.  This letter would show that "even after the criminal case was pending and the charges were proceeding to trial, Mr. Young-Bey continued to create false exculpatory statements to exonerate himself and implicate Ms. Jones."  *Id.*

On the other side of Rule 403, the Government argues that the danger of confusing the issues is great.  *See* ECF No. 174.  They explain that "this issue would likely result in going down a time-consuming rabbit hole and lead to a distracting mini-trial."  *Id.* at 2.  Defendant Young-Bey likewise argues that the letter would "divert the Court and jury's attention by creating a mini-trial." ECF No. 173 at 1.

The Court finds that, based on the record before it, the probative value of Exhibit 2016 is not substantially outweighed by the risk of confusing the issues or any other dangers.  "In performing the balancing test required under Rule 403, it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged."  *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002) (cleaned up).  Here, the letter has a close relationship to the offenses charged, particularly showing Defendant Young-Bey's consciousness of guilt as to those offenses.

Accordingly, the Court finds that if Defendant Jones were to successfully show that Exhibit 2016 was false, it would be admissible at trial to show consciousness of guilt.  The Court would provide an appropriate limiting jury instruction as to how the jury is to consider the letter.

**SO ORDERED**.

Date: January 27, 2024

                                            /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge