**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>JEFFREY M. YOUNG-BEY and<br>MARTINA YOLANDA JONES,<br><br>    Defendants. | Criminal No. 21-661 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 27, 2024)

Defendants Jeffrey Young-Bey and Martina Jones were charged by [141] Superseding Indictment with bank fraud in violation of 18 U.S.C. § 1344. The issues presently before the Court as it relates to the bank fraud charges are as follows: (1) the proper and accurate jury instruction for bank fraud; and (2) the Government's [167] Motion in Limine to exclude two of Defendant Young-Bey's proposed exhibits. The Court addresses these in turn.

**A. Bank Fraud Jury Instruction**

The statute criminalizing bank fraud, 18 U.S.C. § 1344(2), charges anyone who "knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." In turn, the term "financial institution" is defined in 18 U.S.C. § 20, which states that "the term 'financial institution means – … (10) a mortgage lending business (as defined in section 27 of this title) or any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement

Procedures Act of 1974." Section 27 then defines "mortgage lending business" as "an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce."

The Government and Defendant Jeffrey Young-Bey propose different versions for the bank fraud jury instruction. *See* ECF No. 168 ("Gov.'s Instructions"); ECF No. 170 ("Def.'s Instructions"). Significantly, the parties differ in their reading of the definition of "financial institution." The Government understands "financial institution" to include "a mortgage lending business (as defined in section 27 of this title)." Gov.'s Instructions at 2. Defendant Young-Bey reads it to include "a mortgage lending business (as defined in section 27 of this title)… that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974." Def.'s Instructions at 2, 5.

While this is the main dispute between the parties, they also propose different versions of the jury instruction entirely. The Court will address these disagreements in turn; first, addressing the legal definition of "financial institution" in 18 U.S.C. § 20 before turning to the overall jury instruction for bank fraud.

### i.      Definition of "Financial Institution"

The definition of "financial institution," as it appears in the statute criminalizing bank fraud, 18 U.S.C. § 1344(2), is set forth in 18 U.S.C. § 20 ("Financial institution defined"). That section lists ten different definitions, the last of which is "a mortgage lending business (as defined in section 27 of this title) or any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974." 18 U.S.C. § 20(10).

2

Defendant encourages us to look at the plain language of the statute.  *See* Def.'s Instructions at 4, 5.  They argue that the plain language indicates that the mortgage lending business must also make in whole or in part a federally related mortgage loan.  *See id.*  However, the Court does not so read.  The Supreme Court of the United States has explained that the word "or" is "almost always disjunctive, that is, the words it connects are to be given separate meanings." *United States v. Woods*, 571 U.S. 31, 45 (2013) (internal quotation omitted).  Accordingly, the Court considers Congress's use of "or" to suggest that "a mortgage lending business" and "any person or entity that makes in whole or in part a federally related mortgage loan" "are alternatives," *id.* at 6, with each to be afforded its "independent and ordinary significance," *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979).  This reading would favor the Government's definition and jury instructions. However, understanding that context is necessary to better understand how the word "or" operates here, the Court continues its analysis.

The Court next looks to the legislative history of the statute defining "financial institution," 18 U.S.C. § 20.  In 2009, Congress amended this section to add the definition currently at issue, which is now tenth and final on the list of possible meanings for "financial institution."  *See* Fraud Enforcement and Recovery Act ("FERA") of 2009, 123 Stat. 161.  The Senate Report addressing this change states that the bill

> amends the definition of a 'financial institution' in Title 18 of the United States Code to include a 'mortgage lending business,' which is defined as 'an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries' whose activities affect interstate or foreign commerce.  The definition also includes 'any person or entity that makes in whole or in part a federally-regulated mortgage loan as defined in 12 U.S.C. S 2602(1).'

S. Rep. 111-10, 7, 2009 U.S.C.C.A.N. 430, 435.  This legislative history definitively favors the Government's definition and jury instructions, as Congress clearly delineates and separates

between "mortgage lending business" and "any person or entity that makes in whole or in part a federally-regulated mortgage loan."  The Court notes that Defendant points us to another part of the Senate Report that does not change our understanding.  *See* Def.'s Instructions at 7.

Though few, the Court also looks to caselaw touching on these definitions.  The Government relies on *United States v. Glenn*, 846 Fed. Appx. 110 (3rd Cir. 2021), in which the United States Court of Appeals for the Third Circuit considered a district court's failure to instruct the jury on whether the victims were mortgage lending businesses.  *See* Gov.'s Instructions at 3.  Specifically at issue was the question of whether one interstate mortgage transaction was enough to satisfy the requirement set forth in 18 U.S.C. § 27 to be a mortgage lending business.  *See Glenn*, 846 Fed. Appx. at 113.  The court found that "there was overwhelming evidence showing that no reasonable juror could conclude that the victims were not mortgage lending businesses, as representatives from each of the three victim-entities testified that their businesses engaged in mortgage lending activities" and, for the purposes of that question, "[t]here is no statutory requirement… to show that an institution has a large volume of… [interstate] transactions."  *Id.* (cleaned up).  While the Court acknowledges, as Defendant points out, Def.'s Instructions at 4, that the appellate court did not review the district court's decision *de novo*, and also that the case did not present the exact issue as the one presently before this Court, the Court finds *Glenn* informative and persuasive.

The Government argues that the court in *Glenn* "did not devote a single sentence of its analysis to whether there was evidence that the three victim entities made federally related mortgage loans.  That is because it is not an element of the offense."  Gov.'s Instructions at 3.  Upon review of the lower court's analysis, the same was true there.  *See United States v. Glenn*, Crim. No. 15-99-1, 2019 WL 5061423 (E.D. Penn. Oct. 9, 2019).  There, the district court held

that certain entities were "'financial institutions' under the bank fraud statutes because they are 'mortgage lending businesses,' as indicated by the loan transactions as proven at trial by the Government and by the testimony of the companies' representatives at trial." *Id.* at *6. They did not require said entities to be mortgage lending businesses *that make in whole or in part a federally related mortgage loan*, as Defendant would have us now require. The district court also cited to testimony at trial regarding whether the entities were mortgage lending businesses. This testimony did not include questions about federally related mortgage loans, and instead focused on the definition of "mortgage lending business" set forth in 18 U.S.C. § 27. *See id.* at *6 n. 15 ("Does [the entity] constitute an organization which finances or refinances debt secured by interest in real estate, including private mortgage companies and subsidiaries of such organizations? A: Yes, it does. Q: And do you do business in interstate commerce? A: Yes, I do."); *id.* at *6 n. 16 (similar); *id.* at *6 n.17 (similar). The Court also notes that, at the district court level, the defendant contended that the entities were not financial institutions because they were hard money lenders. *Id.* at *6 n.14. That court found this argument to be unpersuasive, holding that where the evidence shows the entities to be mortgage lending businesses, they were financial institutions irrespective of whether they were hard money lenders. *Id.*

This Court was unable to find any court that has discussed federally related mortgage loans in the context of determining what constitutes a "mortgage lending business" so as to satisfy the definition of "financial institution." Rather, this Court found an absence of such discussion. *See, e.g.*, *United States v. Bennett*, 621 F.3d 1131, 1138 (9th Cir. 2010); *United States v. Colon-Rodriguez*, 696 F.3d 102, 106 n.4 (1st Cir. 2012); *United States v. O'Brien*, 953 F.3d 449, 457 n.2 (7th Cir. 2020); *United States v. Bouchard*, 828 F.3d 116, 126–27 (2d Cir. 2016). For example, the United States Court of Appeals for the Eighth Circuit upheld a district court's finding that an

entity that "made hundreds or even thousands of loans in states throughout the country" so as to "affect interstate commerce" was a mortgage lending business that constituted a "financial institution." *U.S. v. Springer*, 866 F.3d 949, 953 (8th Cir. 2017).  There was no discussion of federally related mortgage loans in this analysis; instead, the court again focused on the definition of "mortgage lending business" set forth in 18 U.S.C. § 27.  Although treatment of this issue is slim, courts of appeals addressing this issue have, across the board, failed to probe the "federally related mortgage loan" component that Defendant seeks.

The Court notes that the District of Columbia courts' pattern jury instructions (known as the Red Book) do not provide a bank fraud instruction, and none of the available pattern jury instructions of the United States Courts of Appeals provide any guidance on this issue.[1]

---

1 The Court looked to all available criminal pattern jury instructions:

- United States Court of Appeals for the First Circuit, https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf ("1st Cir. Instructions");
- United States Court of Appeals for the Third Circuit, https://www.ca3.uscourts.gov/sites/ca3/files/2021%20Chap%206%20Fraud%20Offenses%20final.pdf ("3rd Cir. Instructions");
- United States Court of Appeals for the Fourth Circuit, https://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf ("4th Cir. Instructions");
- United States Court of Appeals for the Fifth Circuit, https://www.lb5.uscourts.gov/juryinstructions/Fifth/crim2019.pdf ("5th Cir. Instructions");
- United States Court of Appeals for the Sixth Circuit, https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%2010.pdf ("6th Cir. Instructions");
- United States Court of Appeals for the Seventh Circuit, https://www.ca7.uscourts.gov/pattern-jury-instructions/Criminal_Jury_Instructions.pdf ("7th Cir. Instructions");
- United States Court of Appeals for the Eighth Circuit, https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf ("8th Cir. Instructions");
- United States Court of Appeals for the Ninth Circuit, https://www.ce9.uscourts.gov/jury-instructions/node/1051 ("9th Cir. Instructions");
- United States Court of Appeals for the Tenth Circuit, https://www.ca10.uscourts.gov/sites/ca10/files/documents/downloads/Jury%20Instructions%202021%20revised%207-14-23.pdf ("10th Cir. Instructions");
- United States Court of Appeals for the Eleventh Circuit,

The Court concludes that "a mortgage lending business (as defined in section 27 of this title)" satisfies the definition of "financial institution" as set forth in 18 U.S.C. § 20, in the context of the statute criminalizing bank fraud, 18 U.S.C. § 1344(2). There is no requirement that the mortgage lending business engage in federally related loans, only that it satisfies the definition set forth in 18 U.S.C. § 27.

### ii.      Remainder of the Jury Instructions

As noted above, the parties not only disagree about "financial institution" but also the overall jury instruction for bank fraud.

Based on the charging language in the [141] Superseding Indictment, Defendants Young-Bey and Jones were charged with violating 18 U.S.C. § 1344(2). However, in Defendant Young-Bey's original proposed jury instructions, he proposes language related to a violation of § 1344(1), which is not at issue. *See* Def.'s Instructions at 2–3. The Government correctly proposes language related to § 1344(2).

The Government's proposed instructions draw from instructions used by Judge Trevor N. McFadden in a case, *United States v. Trankle*, involving the same violation. *See* Gov.'s Instructions at 2. Judge McFadden used a jury instruction for bank fraud that was adopted from the Sixth Circuit Pattern Criminal Jury Instructions. *See* Jury Instructions, *United States v. Trankle*, No. 21-cr-0675 (TNF) (D.D.C. May 12, 2023), ECF No. 52, at 23 (final jury instruction for bank fraud charge, which adopted the parties' proposed instructions); *Trankle*, No. 21-cr-0675 (TNF) (D.D.C. Apr. 21, 2023), ECF No. 33 at 37 & n.7 (parties' proposed jury instruction for bank fraud charge, indicating it was adopted from the Sixth Circuit Pattern Criminal Jury Instructions).

---

https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf ("11th Cir. Instructions").

The Government's proposed instructions here made one change to that used in *Trankle* regarding what constitutes a "financial institution": In *Trankle*, the entity at issue was alleged to be a federally insured bank, which satisfies the definition set forth in 18 U.S.C. § 20, whereas here, the entity is alleged to be mortgage lending business, which would also satisfy the definition set forth in 18 U.S.C. § 20, albeit a different subsection. *See* Gov.'s Instructions at 2.

As Defendant Young-Bey's original proposed instructions were based on a definition of "financial institution" that this Court has since deemed to be incorrect, and were also based on the incorrect charging statute, the Court ordered Defendant to provide a response to the Government's proposed instructions. *See* Minute Order, Jan. 26, 2024.

In his new filing, Defendant Young-Bey inaccurately represents the Government's filing. *See* ECF No. 175 ("Def.'s Resp. to Gov.'s Instructions") at 3. Defendant states that "[t]he Government claims their jury instructions are taken directly from the Fourth Circuit's Pattern Jury Instructions; however, the government's proposed instructions include significant and material changes in the language, such that it is disingenuous to claim they are the same." *Id.* The Court has reviewed the Government's pleadings. The Court finds that to the contrary, the Government never claimed in their pleadings that their instructions were taken from the Fourth Circuit Pattern Jury Instructions. Instead, the Government stated that their instructions were taken from *United States v. Trankle*. As the Court explained in the order that directed Defendant's response, the *Trankle* instructions were taken from the Sixth Circuit Pattern Criminal Jury Instructions. This misstatement seems to cloud the rest of Defendant's response, as all of Defendant's objections to the Government's proposed instructions are based on the Fourth Circuit Pattern Jury Instructions, which, again, was not underpinning the Government's instructions and is not particularly persuasive to this Court. There is no Red Book jury instruction for bank fraud, which the Court

typically uses when available.  In the absence of such an instruction, the Court is inclined to base its instruction on that which has been used by another court in this jurisdiction.

The Court will now proceed with an analysis of each of the elements of the bank fraud jury instruction, first by listing the Government's proposed instruction as to each element and then discussing any objections by Defendant Young-Bey before announcing the Court's holding.

### 1.  Reasonable Doubt

*"For you to find the defendants guilty of Bank Fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:"*

The parties agree on this jury instruction.  *See* Gov.'s Instructions at 1; Def.'s Resp. to Gov.'s Instructions at 1.  The Court will use this language.

### 2.  Language from 18 U.S.C. § 1344(2)

*"First, that the defendant knowingly executed a scheme or artifice to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the control of, a financial institution by means of false or fraudulent pretenses, representations, or promises;"*

Defendant Young-Bey argues that the Court use the word "*custody*" instead of "control" because "custody" is included in the Fourth Circuit Pattern Jury Instruction.  Def.'s Resp. to Gov.'s Instructions at 1 & n.3.  As the Court noted above, the Fourth Circuit Pattern Jury Instructions are not necessarily persuasive.

The Court has surveyed available pattern jury instructions from other courts of appeals.  Of the available pattern instructions (other than those for Courts of Appeals for the Fourth and Sixth Circuits), some use either or both of these options, as opposed to other language (i.e., "from" or "belonging to.")  Of that subset, none instruct just the use of the word "custody."  One instructs

the use of the word "control" without the word "custody,"[2] while the others instruct on both words "control" or "custody" as alternatives.[3]

The Court will combine the Government and Defendant Young-Bey's proposed instruction as to this element and use "… under the control or custody of…".

### 3. Material Fact / Misrepresentation

*"Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact;"*

The parties agree on this jury instruction. *See* Gov.'s Instructions at 2; Def.'s Resp. to Gov.'s Instructions at 2 & n.5. The Court will use this language.

### 4. Intent

*"Third, that the defendant had the intent to deceive or cheat someone for the purpose of either causing a financial loss to another or bringing about a financial gain to himself or to another person;"*

Defendant Young-Bey advocates for a different instruction on intent, that being: "*that the defendant did so with intent to defraud.*" Def.'s Resp. to Gov.'s Instructions at 1. Again, they argue for this instruction because it comes from the Fourth Circuit Pattern Jury Instruction. *Id.* at 1 n.4.

The United States Supreme Court held in *Loughrin v. United States* that 18 U.S.C. § 1344(2) requires no intent to defraud a financial institution that owns or holds money or property. 573 U.S. 351, 356 (2014). *Loughrin* left ambiguity as to whether the statute required any intent to

---

2 3rd Cir. Instructions 6.18.1344 ("… or under the control of,…".

3 5th Cir. Instructions at 2.58B "… or under the custody or control of,"; 7th Cir. Instructions at 646 "…in the [care; custody; control] of,…"; 8th Cir. Instructions at 6.18.1344 "… [under the custody and control of]…".

defraud at all, and courts of appeals have treated this differently, as noted in their various pattern jury instructions.

There are two pattern instructions for bank fraud—that of the Seventh and Ninth Circuits––which are as vague as Defendant's, offering the instruction that "defendant acted with the intent to defraud" with no further explanation.  *See* 7th Cir. Instructions at 646; 9th Cir. Instructions 15.39.  However, in the Committee Comment for the Seventh Circuit pattern instruction, they do acknowledge the question and disparity in treatment among courts of appeals' instructions regarding whether "intent to defraud" should even be retained as an element.  *See* 7th Cir. Instructions at 649.

The Court finds other pattern instructions more useful.  The Eighth Circuit Pattern Criminal Jury Instructions offers the instruction that "the defendant did so with intent to defraud."  8th Cir. Instructions 6.18.1344.  The instructions then continue by explaining that "[t]o act with 'intent to defraud' means to act knowingly and with the intent to deceive someone for the purpose of causing some [financial loss] [loss of property or property rights] to another or bringing about some financial gain to oneself or another to the detriment of a third party."  *Id.*

Similarly, the Tenth Circuit Pattern Criminal Jury Instructions explain that "[a] defendant acts with the requisite 'intent to defraud' or 'intent to deceive' if the defendant acted knowingly and with the specific intent or purpose to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant."  10th Cir. Instructions 2.58.

The Eleventh Circuit Pattern Criminal Instruction offers the instruction "the Defendant intended to defraud [the financial institution] [someone]."  11th Cir. Instructions O52.  The Eleventh Circuit's instructions also define "scheme to defraud," which the instructions say the

defendant must do knowingly, to include "any plan or course of action intended to deceive or cheat someone out of money or property…" *id.*

The Third and Fifth Circuit Pattern Criminal Jury Instructions leave out the phrase "intent to defraud" entirely, instead focusing on the element involving a "scheme" or "artifice," the instructions for which also mention a knowing deception or deprivation of another's property. *See* 3rd Circuit Instructions 6.18.1344, 6.18.1341-1;[4] 5th Cir. Instructions 2.58B.[5]

This survey of courts of appeals' pattern instructions reveals great disparity, but also some repetition of instructions involving, broadly, an intent to deceive someone out of or deprive them of property or money so as to cause financial loss or to bring about financial gain to the defendant. The Court finds that the instructions used by Judge McFadden in *Trankle* closely resemble that of the Eighth, Tenth, and Eleventh Circuit Pattern Criminal Jury Instructions.

In light of this finding, and in contrast to Defendant's generalized, vague, and currently disputed proposed instruction, the Court will use the Government's proposed language.

### 5. Financial Institution

*"and Fourth, that Hard Money Bankers is a financial institution, as defined by statute."*

Defendant Young-Bey argues that the instruction should read: "… that Hard Money

---

4 The Third Circuit Pattern Criminal Jury Instructions' bank fraud instruction for 18 U.S.C. § 1344(2) points to an instruction for "scheme to defraud or to obtain money or property," which in turn has language that "the government must prove beyond a reasonable doubt [] that defendant knowingly devised (or willfully participated in) a scheme to defraud," and that "'a scheme to defraud' is any plan, device or course of action to deprive another of money or property." It also instructs that "the government must also prove that the alleged scheme contemplated depriving another of money or property." 3rd Circuit Instructions 6.18.1344, 6.18.1341-1.
5 The Fifth Circuit Pattern Criminal Jury Instructions instructs "[t]hat the defendant knowingly executed a scheme or artifice."… "A 'scheme or artifice' means any plan, pattern, or course of action intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived." 5th Cir. Instructions 2.58B.

Bankers *was then federally insured or otherwise was a financial institution*, as defined by statute".
Def.'s Resp. to Gov.'s Instructions at 2.  Again, they argue for this instruction because they "would
like to keep the language as similar to the [Fourth Circuit] Pattern Jury Instruction as possible."
*Id.* at 2 n.6.

The term "financial institution" has ten possible definitions, as set forth in the statute.  *See*
18 U.S.C. § 20(1)–(10).  Calling out two of the possible definitions—that is, being federally
insured, *see id.* §§ 20(1)–(2)—will only serve to confuse the jury, particularly where it is another,
different definition that is pertinent to the facts of this case.  18 U.S.C. § 20(10) ("a mortgage
lending business (as defined in section 27 of this title)…").  The language that follows "*otherwise*"
in Defendant's proposed instruction is the only part that is needed here, and the Court will eschew
the preceding superfluous language.  The Court will therefore use the Government's proposed
language.

### 6.  Definition of Financial Institution

*"Under the relevant statute, the definition of 'financial institution' includes a mortgage
lending business. 'Mortgage lending business' is defined as an organization which finances or
refinances any debt secured by an interest in real estate, including private mortgage companies
and any subsidiaries of such organizations, and whose activities affect interstate or foreign
commerce."*

The parties agree on this jury instruction.  *See* Gov.'s Instructions at 2; Def.'s Resp. to
Gov.'s Instructions at 2 & n.7.  The Court will use this language.

### 7.  Proof of Financial Loss

*"It is not necessary that the government prove that the bank or financial institution suffered
a financial loss, that defendant intended to defraud a bank or financial institution, or that the*

*defendant's scheme created a risk of financial loss to the bank or financial institution."*

Defendant Young-Bey provides a different version of this element: "*The government must show that the financial institution was the immediate victim or that the institution suffered an actual loss. In the alternative, the government must show that the financial institution was exposed to an actual or potential risk of loss.*" Def.'s Resp. to Gov.'s Instructions at 2. While Defendant contends that this language was "[t]aken from the Fourth Circuit Pattern Jury Instruction," *id.* at 2 n.8, it does not appear to be so.[6] Rather, the Defendant has altered the language in the Fourth Circuit Pattern Jury Instructions.

The Court's review begins with analysis of Defendant's proposed first sentence, which when taken alone, is clearly misleading. Caselaw is clear that the Government need *not* show what Defendant contends in that sentence. *See Loughrin*, 573 U.S. at 363–64; *Neder v. United States*, 527 U.S. 1, 25 (1999); *Shaw v. United States*, 580 U.S. 63, 67 (2016).

The pattern jury instructions from other courts of appeals more closely align with that which the Government presents. Most analogously, the First Circuit Pattern Criminal Jury Instructions state that "[t]he government need not prove that the scheme was successful, that the financial institutions suffered a financial loss, that the defendant knew that the victim of the scheme was a federally insured financial institution, or that the defendant secured a financial gain." 1st Cir. Instructions 4.18.1344. The Third Circuit Pattern Criminal Jury Instructions state that "[i]t is not necessary that the government prove that defendant knew or intended that the money, funds, or property was owned by or under the control of the financial institution." 3rd Cir. Instruction

---

6 The language in the Fourth Circuit Pattern Jury Instruction reads: "The government need not prove that the financial institution was the immediate victim, or that the institution suffered an actual loss, because it is sufficient if the government shows that the financial institution was exposed to an actual or potential risk of loss."

6.18.1344.   And the Eleventh Circuit Pattern Criminal Jury Instructions state that "[t]he Government… doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone."  11th Cir. Instruction O52.  The Court has found no pattern instructions that anywhere near mirror that of the Defendant's.

The Court will use the Government's proposed language in light of clear caselaw, the inaccuracy of Defendant Young-Bey's proposed instruction, the Court's review of other pattern jury instructions, and the actual instruction used in *Trankle*, which the Court finds persuasive.

### 8.  Reliance on Other Definitions

*"For Bank Fraud, you can rely on the definitions and guidance I already gave you in connection with Mail Fraud concerning 'false or fraudulent pretenses, representations or promises,' 'knowingly,' 'material,' 'scheme or artifice to defraud,' and 'intent.'"*

Defendant Young-Bey states that he "objects to the definitions" of these terms "as defined by the government."  Def.'s Resp. to Gov.'s Instructions at 2 n.9.  Defendant does not provide any additional explanation for his objection.  The Court notes that in the Government's briefing of the jury instruction at issue—that for bank fraud—the Government does not define these terms, but instead states just as the Court excerpted above, referring the jurors to definitions given in connection with Mail Fraud.  Therefore, the Court speculates that Defendant is referring to the definitions offered by the Government in the Mail Fraud instruction that was provided to the Court in June 2023 and, significantly, about which the parties ultimately agreed.  Defendant therefore seems to argue, in a footnote and without explanation, that he now objects to definitions to which he previously agreed.

This case was originally scheduled for trial in July 2023, prior to a continuance caused by Defendant Young-Bey's attorney having COVID-19, and the parties therefore submitted Joint

Proposed Jury Instructions in June 2023. The parties initially filed Proposed Jury Instructions that highlighted differences in proposed instructions, including that for Mail Fraud. *See* ECF No. 80 at 61 (Government's proposed instruction on Mail Fraud), 82–83 (Defendant Young-Bey's proposed instruction on Mail Fraud). After the Court ordered briefing supporting their proposed instructions, where divergent, *see* Minute Order, June 14, 2023, the parties returned with new Joint Proposed Jury Instructions, *see* ECF No. 87. Those proposed instructions indicate that "the parties [] conferred resulting in the following joint submission," which they "believe… obviates the need for briefing on objections" other than that for "reasonable doubt," the only instruction about which they disagreed. *Id.* at 1. Those Joint Proposed Jury Instructions include an instruction for Mail Fraud, which includes definitions and guidance regarding the terms "false or fraudulent pretenses, representations or promises," "knowingly," "material," "scheme… to defraud," and "intent." *Id.* at 60–61. Again, there was no indication in this filing that Defendant Young-Bey objected to the definitions set forth therein.

Now, as the Court explained above, Defendant indicates that he objects to the definitions that were originally provided by the Government and about which the parties, including Defendant, ultimately agreed by June 16, 2023. Without further explanation or briefing about these objections from Defendant, with trial already having commenced, and considering Defendant Young-Bey's prior conferral with other parties and previously having joined in proposing the definitions at issue, the Court will use the jury instructions it previously approved regarding those definitions.

However, the Court finds that, for the sake of clarity, it is best to repeat those instructions in the bank fraud instruction rather than referring jurors back to the mail fraud instruction.

*       *       *

The Court attaches at the end of this opinion a version of the jury instruction for bank fraud,

in violation of 18 U.S.C. § 1344(2), to be used at trial.

The Court now turns to the pending evidentiary motion that hinges on bank fraud.

**B. Government's [167] Motion in Limine**

In their [167] Motion in Limine, the Government moves to exclude Defendant Young-Bey's proposed exhibits 2023 and 2024.  These exhibits are related to whether Hard Money Bankers satisfies the definitions of "mortgage lending business" and "financial institution" under the bank fraud statute.  These definitions are legal questions for the Court; the Court determined the definition of "financial institution" above, and the definition of "mortgage lending business" is set forth in 18 U.S.C. § 27.  However, whether or not Hard Money Bankers fits those definitions is a factual question for the jury.

The Court addresses each exhibit in turn.

**i.      Exhibit 2023**

Defendant Young-Bey's proposed Exhibit 2023 is a page from the Hard Money Bankers website at www.HardMoneyBankers.com titled "Legal Stuff."  *See* ECF No. 167 ("Gov.'s Mot.") Attachment 1.  The page contains purported legal disclaimers; such disclaimers were not written by the Government's anticipated witness from Hard Money Bankers, Jason Balin.  Gov.'s Mot. at 1.  Mr. Balin is the co-founder, principal, and senior underwriter at Hard Money Bankers.  *See* ECF No. 169 ("Def.'s Resp.") at 2.  He is not being called as an expert witness.  The page begins with "WELCOME TO HARDMONEYBANKERS.COM (HEREINAFTER REFERRED TO AS []HMB…) IS NOT A LICENSED BANK, MORTGAGE LENDER, BROKER, OR SOLICITOR AS DEFINED BY FEDERAL, STATE, OR LOCAL LAW."  Gov.'s Mot. Attachment 1 at 1.

The Government seeks to exclude this exhibit because it "purports to contain legal conclusions as to Hard Money Bankers' status" as a financial institution.  Gov.'s Mot. at 2.  They

continue that under Federal Rule of Evidence 403, the probative value of the document is substantially outweighed by the risk of confusing the issues and misleading the jury. *Id.*

Defendant explains that "the defense is within its right to question a government witness on a key element of their principal offense, namely whether Hard Money Bankers is a financial institution." Def.'s Resp. at 3. Additionally, they explain that "to the extent the government claims that the public statement made on Hard Money Bankers website is false," they would be using the exhibit "to impeach [Mr. Balin's] credibility and explore the basis for the false statement." Def.'s Resp. at 2.

The Court **GRANTS** the Government's [167] Motion as to Exhibit 2023 and **ORDERS** that the exhibit cannot be introduced at trial. In the context of expert testimony, it is settled that "[l]egal conclusions… 'intrude upon the duties of, and effectively substitute for the judgment of, the trier of fact and the responsibility of the Court to instruct the trier of fact on the law'" and should therefore be excluded from trial. *Convertino v. U.S. Dep't of Justice*, 772 F. Supp. 2d 10, 12 (D.D.C. 2010) (RCL) (quoting *United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94, 98 (D.D.C. 2002) (PLF)); *see also Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1211–13 (D.C. Cir. 1997). The same reasoning applies to the exhibit at issue here. As the Court explained above, it is the province of the jury to answer the factual question of whether or not Hard Money Bankers meets the definitions of "mortgage lending business" and "financial institution." Exhibit 2023 encroaches on the jury's fact-finding role by offering a legal conclusion—specifically, stating that Hard Money Bankers it is "NOT A… MORTGAGE LENDER… AS DEFINED BY FEDERAL… LAW." *See* Gov.'s Mot. Attachment 1 at 1.

The Court finds that the introduction of Exhibit 2023, which contains a legal conclusion, would lead to a significant danger of misleading and confusing the jury as to the Court's role of

explaining the law to the jury, as well as a significant danger of misleading and confusing the jury as to their ultimate conclusion on whether Hard Money Bankers is a "financial institution." This danger outweighs any minimal potential probative value. *See* Fed. R. Evid. 403. For these reasons, the Court **ORDERS** that Exhibit 2023 cannot be introduced at trial.

ii.     **Exhibit 2024**

Defendant Young-Bey's proposed Exhibit 2024 is also taken from Hard Money Bankers website, this time a page listing frequently asked questions. *See* Gov.'s Mot. Attachment 2. As Defendant explains in his supplemental briefing that was requested by the Court, this exhibit "has relevance to a central element of the government's bank fraud charge," that being "whether Hard Money Bankers is a financial institution, which itself requires a showing of federally-related lending activity," and that it "also will likely be relevant for impeachment purposes should Mr. Balin claim in his testimony that Hard Money Bankers engages in federally-related lending activity." ECF No. 171 ("Def.'s Suppl. Resp.") at 1–2. However, Defendant's anticipated use of this exhibit hinges on the definition of "financial institution" that Defendant offered (that the mortgage lending business is required to engage in federally related mortgage loans) and that the Court rejected above.

Defendant has offered two explanation as to how this exhibit would be used: (1) to show that Hard Money Bankers "does not engage in… federally-related lending activity," and (2) to impeach Mr. Balin were he to testify that Hard Money Bankers does in fact engage in such activity. Def.'s Suppl. Resp. at 2–3. Defendant has offered no other potential uses, *see generally* Def.'s Resp., and the Court does not see any other relevance for this evidence. But as Defendant's suggested use goes to a legal definition of "financial institution" that the Court has since

foreclosed, Exhibit 2024 is no longer relevant.[7]  The Court therefore **GRANTS** the Government's [167] Motion as to Exhibit 2024 and **ORDERS** that the exhibit cannot be introduced at trial.

*     *     *

In conclusion, and based on the record before it, the Court has made various rulings related to the bank fraud charges at issue in this case.  The Court has attached a jury instruction for 18 U.S.C. § 1344(2), bank fraud.  This instruction includes the definition of "financial institution" that is applicable.  The Court also **GRANTS** the Government's [167] Motion in Limine and **ORDERS** that Defense Exhibits 2023 and 2024 cannot be introduced at trial.

**SO ORDERED**.

Date: January 27, 2024

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

7 Defendant almost acknowledges as such, stating that: "Were the Court to adopt Mr. Young-Bey's proposed jury instructions, the relevance of Defense Exhibit 2024… would assist the jury to determine whether Hard Money Bankers' loans can be understood as federally-related mortgage loans."  Def.'s Suppl. Resp. at 3.

## COUNTS THREE & FIVE
### Bank Fraud

For you to find the defendants guilty of Bank Fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly executed a scheme or artifice to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the control or custody of, a financial institution by means of false or fraudulent pretenses, representations, or promises;

Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to deceive or cheat someone for the purpose of either causing a financial loss to another or bringing about a financial gain to himself or to another person;

and Fourth, that Hard Money Bankers is a financial institution, as defined by statute.

Under the relevant statute, the definition of "financial institution" includes a mortgage lending business. "Mortgage lending business" is defined as an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

It is not necessary that the government prove that the bank or financial institution suffered a financial loss, that defendant intended to defraud a bank or financial institution, or that the defendant's scheme created a risk of financial loss to the bank or financial institution.

The following definitions are the same as that which I gave you in connection with Mail Fraud, but are repeated here for convenience.

A scheme or artifice is any plan, pattern, or course of action intended to deceive or cheat someone out of money or property by using materially false or fraudulent pretenses, representations, or promises, reasonably calculated to deceive.

False or fraudulent pretenses, representations, or promises are any actual or direct false statements, known to be false or made with reckless indifference to the truth, deceitful statements, half-truths, concealment of facts that are material -- or important to the matter, all of which were knowingly made or concealed with the intent to defraud.

A pretense, representation, or promise is material if it would be important to a reasonable person in making a decision about a particular matter. However, whether a pretense, representation, or promise is material does not depend upon whether a person was actually deceived, or relied on it, or should have known it was false or fraudulent. Nor is it required that

the government show that the defendant's purpose was to cause a loss to the victim.

Moreover, it is irrelevant whether the person acting on the pretense, representation or promise did so negligently, carelessly, irresponsibly, or could have done something more to prevent the offense.

With respect to the first element, knowingly means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

Regarding intent to deceive or cheat, direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past they committed an act with fraudulent intent. Such direct proof is not required.

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer the person's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate her intent. You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.